IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
April 18, 2006 Session

## STATE OF TENNESSEE v. EDWARD JANKOWSKI, SR.

**Appeal from the Circuit Court for Sequatchie County**
**No. 4431      Buddy Perry, Judge**

---

**No. M2005-01251-CCA-R3-CD - Filed June 2m 2006**

---

The Defendant, Edward Jankowski, Sr., appeals from the sentencing decision of the Sequatchie County Circuit Court. The Defendant pled guilty to one count of incest. The victim was his eighteen-year-old daughter. Pursuant to the terms of the plea agreement, he received a six-year sentence as a Range I, standard offender, and the manner of service was to be determined by the trial court. Following a sentencing hearing, the trial court ordered the sentence to be served in the Department of Correction. On appeal, the Defendant argues that the trial court erred by ordering a sentence of total confinement rather than a less restrictive alternative. After review, the sentencing decision is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Robert Morgan, Assistant Public Defender, Jasper, Tennessee, for the appellant, Edward Jankowski, Sr.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; and J. Michael Taylor, District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Factual Background

A Sequatchie County grand jury returned an indictment against the Defendant in September of 2004, charging him with five counts of rape and five counts of incest. On January 31, 2005, the Defendant, a Range I, standard offender, pled guilty to one count of incest, a Class C felony. See Tenn. Code Ann. § 39-15-302. The plea agreement provided for a six-year sentence with the manner of service to be determined by the trial court.

The official version of the events contained in the presentence report summarizes the facts as follows:

On 1/13/04, [the victim], age 18, was taken to Grandview Medical Center Emergency Room by her boyfriend, Johnny Carter. Her complaint was that two days prior, on 1/11/04, she had been raped by her father, [the Defendant], and that she was in severe pain. Emergency room personnel utilized a rape kit, and evidence of vaginal bleeding and cuts were found. On 1/14/04, Investigator Keith [Herron] of the Sequatchie County Sheriff's Department interviewed the victim at the sheriff's office. The victim stated that her father had been having sex with her against her will regularly for the past two years; she estimated that he had raped her between fifty and one hundred times over the past two years. The victim had turned 18 on 12/12/03. The most recent occasion was around noon on 1/11/04. The victim, who was living in the home with her mother and father at the time of these incidents, stated that her father had asked her to come out to the shed on his property; he stated, "I need to use you again," which is what he would usually say when he wanted to rape her. When she went out there, he put her on a table saw and had sex with her. The victim stated that she complained to the Defendant repeatedly that he was hurting her, but he would not stop, and would state, "It won't take long." Afterwards, he told her that she would get into trouble if she told anyone. The victim told her boyfriend that evening what had happened, and when she continued to complain of pain two days later, he took her to the hospital.

Semen taken from the victim's panties was sent to the Tennessee Bureau of Investigation laboratory in Nashville. The Defendant was ordered by the Sequatchie County Circuit Court on 5/28/04 to submit to DNA testing.[1] The laboratory report was completed on 9/2/04 and it indicated a positive match between the Defendant's DNA and the DNA found in the semen in the [victim's] panties.

A sentencing hearing was held on April 13, 2005, at the conclusion of which the trial court ordered that the sentence be served in the Department of Correction. This appeal followed.

**ANALYSIS**

In this appeal as of right, the Defendant argues: (1) "the sentencing court committed reversible error when it relied upon inadmissible hearsay evidence in order to deny the defendant alternative sentencing" and (2) "the sentencing court failed to comply with the 1989 Sentencing Reform Act when it denied the defendant an alternative sentence."

---

[1] It was developed at the sentencing hearing that the Defendant voluntarily submitted a blood sample and that the hospital "did not want to . . . do it without a court order[.]"

**A. Hearsay**

First, the Defendant contends the trial court based its sentencing determination on unreliable hearsay; specifically, reliance on the victim's statements contained in the presentence report that the she was raped "between fifty and one hundred times" and that the Defendant stated to her, "I need to use you again[.]" The Defendant concedes that he made no objection to use of the victim's statements; however, the Defendant argues that any reliance on these hearsay statements rises to the level of plain error. The State argues that the issue is waived because the Defendant failed to make a timely objection and, additionally, that the record does not support plain error review.

"Objections must be timely and specific." Tenn. R. Evid. 103, Advisory Commission Comments. Relief is not available to a party who is responsible for, or fails to take action to prevent, an error. Tenn. R. App. P. 36(a). Therefore, the Defendant's challenge to any hearsay statements contained in the presentence report is waived.

In addition, the issue presented by the Defendant fails to meet the requirements necessary for a finding of plain error. A finding of plain error will only be predicated upon consideration of the following factors:

> (a) the record must clearly establish what occurred in the trial court;
>
> (b) a clear and unequivocal rule of law must have been breached;
>
> (c) a substantial right of the accused must have been adversely affected;
>
> (d) the accused [must not have waived] the issue for tactical reasons; and
>
> (e) consideration of the error [must be] "necessary to do substantial justice."

State v. Adkisson, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994).

Tennessee Code Annotated section 40-35-209(b) addresses the sentencing hearing and provides, in pertinent part:

> The rules of evidence shall apply, except that reliable hearsay including, but not limited to, certified copies of convictions or documents, may be admitted if the opposing party is accorded a fair opportunity to rebut any hearsay evidence so admitted; provided, that this subsection shall not be construed to authorize the introduction of any evidence secured in violation of the constitution of the United States or of Tennessee.

This Court has consistently held that information in a presentence report is reliable hearsay which may be admitted if the opposing party is offered the opportunity to rebut the same. See State v. Baker, 956 S.W.2d 8, 17 (Tenn. Crim. App. 1997); State v. Richardson, 875 S.W.2d 671, 677 (Tenn. Crim. App. 1993); State v. Randolph Scott Jennings, No. E2001-02118-CCA-R3-CD, 2002 WL 31730884, at *5 (Tenn. Crim. App., Knoxville, Dec. 6, 2002). The trial court is also required to consider the presentence report before imposing sentence. Tenn. Code Ann. § 40-35-210(b)(2) (2003).[2] Moreover, the Tennessee Criminal Sentencing Reform Act of 1989 contemplates that much of the information contained in a presentence report will be hearsay. Baker, 956 S.W.2d at 17. However, the information is reliable because it is "based upon the presentence officer's research of the records, contact with relevant agencies, and the gathering of information which is required to be included in a presentence report." Id.

The Defendant also contends that he did not have an opportunity to rebut the evidence; thus, violating his constitutional right to confront witnesses against him. Following the trial court's reference to "two things in the victim's statements," counsel for the Defendant stated that "we haven't received a victim's statement." The trial court clarified that it was referencing the official version of events as stated in the presentence report, not a victim impact statement. It is clear from the record that the Defendant had access to the presentence report, and he chose not to make a statement or call any witnesses on his behalf at the sentencing hearing. The Defendant was not denied an opportunity to rebut this evidence.

The trial court properly relied on the presentence report and any information contained therein. The Defendant is not entitled to relief under the plain error doctrine because a clear and unequivocal rule of law was not breached, no substantial right of the Defendant was adversely affected, and consideration of the error is not necessary to do substantial justice. See Adkisson, 899 S.W.2d at 641-42.

## B. Total Confinement

Next, the Defendant submits that the trial court failed to comply with the purposes and principles of the 1989 Sentencing Act and erroneously denied his request for alternative sentencing. A defendant who does not possess a criminal history showing a clear disregard for society's laws and morals, who has not failed past rehabilitation efforts, and who "is an especially mitigated or standard offender convicted of a Class C, D, or E felony is presumed to be a favorable candidate for alternative sentencing options in the absence of evidence to the contrary." Tenn. Code Ann. § 40-35-102(6) (2003); see also State v. Fields, 40 S.W.3d 435, 440 (Tenn. 2001). The following considerations provide guidance regarding what constitutes "evidence to the contrary" which would rebut the presumption of alternative sentencing:

---

[2]We note that the legislature has recently amended several provisions of the Criminal Sentencing Reform Act of 1989, said changes becoming effective June 7, 2005. However, the Defendant's crimes in this case, as well as his sentencing, predate the effective date of these amendments. Therefore, this case is not affected by the 2005 amendments, and the statutes cited in this opinion are those that were in effect at the time the instant crimes were committed

(A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

(B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

(C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant[.]

Tenn. Code Ann. § 40-35-103(1); see also State v. Hooper, 29 S.W.3d 1, 5 (Tenn. 2000).

Additionally, the principles of sentencing reflect that the sentence should be no greater than that deserved for the offense committed and should be the least severe measure necessary to achieve the purposes for which the sentence is imposed. See Tenn. Code Ann. § 40-35-103(2), (4). The court should also consider the defendant's potential for rehabilitation or treatment in determining the appropriate sentence. See id. § 40-35-103(5).

Upon a challenge to the sentence imposed, this Court has a duty to conduct a de novo review of the sentence with a presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d) (2003). However, this presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). We will uphold the sentence imposed by the trial court if (1) the sentence complies with the purposes and principles of the 1989 Sentencing Act, and (2) the trial court's findings are adequately supported by the record. See State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001). The burden of showing that a sentence is improper is upon the appealing party. See Tenn. Code Ann. § 40-35-401, Sentencing Commission Comments (2003); Arnett, 49 S.W.3d at 257.

In concluding that total confinement was appropriate, the trial court found:

[I]f I look at the facts in this case where I've got the victim saying this went on between a 150 times [sic] and the day that this occurred, the event that occurred, he says to her, "I need you again." And used her as [his] personal sex object. If that doesn't fit [reprehensible] or excessive shocking [sic] sufficient to overcome the presumption that alternative sentencing is appropriate then I don't think I could state a set of facts that are.

At the sentencing hearing, the forty-four-year-old Defendant entered into evidence copies of his two honorable discharges from the military; however, he declined to make any statement at his sentencing hearing. The presentence report reflected that the Defendant had no prior criminal record

-5-

and had graduated from high school. He was unable to work due to a back injury. The parties stipulated that the Defendant had a place to live upon his release.

The risk assessment of this Defendant found that there was a low risk that the Defendant would reoffend. It was stated in the risk assessment report that the Defendant would "do best if . . . incarcerated for a period of time and then given an elongated probation that included treatment and case management." The trial court acknowledged the Defendant's potential for rehabilitation stating, "The best thing you've got going is his report. His report is really quite favorable. . . . Yeah, but the report is very favorable to him."

The record supports the trial court's determination that confinement is necessary to avoid depreciating the seriousness of the offense. The facts of this case establish that the Defendant's conduct was reprehensible, offensive, and of an excessive degree. See State v. Hartley, 818 S.W.2d 370, 374-75 (Tenn. Crim. App. 1991). As noted by the trial court, "using your somewhat slow child as your personal pleasure object [is] about as reprehensible as you can get." Moreover, the victim was in such extreme pain two days after the incident that she sought medical treatment, and evidence of vaginal bleeding and cuts were found. She repeatedly complained of pain during the incident, but the Defendant stated to her, "It won't take long."

Although enhancement and mitigating factors are properly considered when determining whether to grant an alternative sentence, see Tenn. Code Ann. § 40-35-210(b)(5), consideration of these factors, contrary to the apparent assertions of the Defendant, is not critical to an alternative sentencing determination. State v. Terry Edward Jones, No. E2004-01300-CCA-R3-CD, 2005 WL 1219979, at *6 (Tenn. Crim. App., Knoxville, May 24, 2005). Nonetheless, as the victim's father, the Defendant occupied a position of trust. Children trust their parents to care for and protect them. The Defendant, in this case, abused that trust. State v. Richard L. Thompson, No. M2000-01429-CCA-R3-CD, 2001 WL 1028822, at *7 (Tenn. Crim. App., Nashville, Sept. 7, 2001) (defendant's incestuous acts over a period of months, coupled with his abuse of a private trust, directly relevant to the seriousness of the offense and weighed in favor of confinement). Moreover, upon de novo review, we conclude that the sentence imposed is no greater than that deserved for the offense committed and is the least severe measure necessary to achieve the purposes for which the sentence is imposed. The record amply supports the trial court's decision in denying alternative sentencing. See id. at *8. This issue is without merit.


## CONCLUSION

Based upon the foregoing, we conclude that the trial court did not err in ordering total confinement. The judgment of the Sequatchie County Circuit Court is affirmed.


_____
DAVID H. WELLES, JUDGE